UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BILLY BINION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-1573-TWP-DML |
| ) | |
| SUPERINTENDENT MICHAEL ZENK, ) | |
| ) | |
| Respondent. ) | |

## ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS

Billy Binion ("Mr. Binion"), a state prisoner, seeks a writ of habeas corpus with respect to a disciplinary proceeding identified as No. NCF 11-01-0128. Having considered such petition and being duly advised, the Court finds that the petition must be denied and the action dismissed. This conclusion rests on the following facts and circumstances:

### I. LEGAL STANDARD

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.@ *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993).

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.*

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007).

The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. **FACTS**

Mr. Binion previously filed a petition for writ of habeas corpus (hereafter "the earlier habeas action") challenging this same disciplinary proceeding, identified as No. NCF 11-01-0128, which was docketed and decided as *Binion v. Superintendent Stine*, No. 1:11-cv-405-TWP-TAB (S.D.Ind. August 5, 2011). A court may take judicial notice of its own records. *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006) (citing cases). In this instance, the Court takes judicial notice of Mr. Binion's previous habeas action challenging No. NCF 11-01-0128.

The earlier habeas action was dismissed as moot because the administrative finding in No. NCF 11-01-0128 was vacated and a new hearing will be conducted. This rendered the habeas action moot, and an action which is moot must be dismissed for lack of jurisdiction.

The rehearing of No. NCF 11-01-0128 occurred on June 30, 2011. Mr. Binion was again found guilty and was sanctioned. The present action was filed after Mr. Binion's administrative appeal was rejected.

Mr. Binion's challenge to the rehearing is two-fold. First Mr. Binion claims that the hearing officer did not provide an adequate written summary of the evidence relied on to support the guilt determination and second, he argues he was denied his day in court.

The claim that Mr. Binion was not provided adequate written notice of the evidence used in the guilt determination rests on an asserted failure to comply with an Indiana prison regulation, it does not support relief under § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). The due process component of this subject is that written statements ensure both administrative accountability and meaningful review. *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir. 1981). The statement need only illuminate the evidentiary basis and reasoning behind the decision. *Forbes v. Trigg,* 976 F.2d 308, 318 (7th Cir. 1992). The report of disciplinary hearing is appended to the habeas petition and shows that the summary of the evidence satisfies the requirements of due process. *Culbert v. Young,* 834 F.2d 624, 629 (7th Cir. 1987); *Saenz v. Young,* 811 F.2d 1172, 1173-74 (7th Cir. 1987).

Mr. Binion next claims that the manner in which the earlier habeas action was resolved denied him his day in court. While no hearing was held, Mr. Binion did receive through administrative directive the relief (a rehearing) which he would have been entitled had he prevailed in the earlier habeas action. A case does not become moot because one prefers a particular avenue of redress. "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed," for federal courts have "no authority to give opinions upon moot questions

or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.@ *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks omitted). So it is here. Mr. Binion could gain no greater relief from the earlier habeas action than he has already received, and prison authorities did not exceed their authority in acting as they did. *Macktal v. Chao,* 286 F.3d 822, 825 (5th Cir. 2002) (A[I]t is generally accepted that in the absence of a specific statutory limitation, an administrative agency has the inherent authority to reconsider its decisions.@) (collecting cases). The claim of error or irregularity in the events which caused the earlier habeas action to be dismissed as moot is without merit.

Mr. Binion's claims that he was denied the protections afforded by *Wolff* or that the outcome of the earlier habeas action taints the rehearing of No. NCF 11-01-0128 are refuted by habeas petition itself. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Binion to the relief he seeks.

### III. CONCUSION

For the reasons set forth herein, Mr. Binion's petition for a writ of habeas corpus must be **DENIED** and the action dismissed pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 03/08/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

4

DISTRIBUTION:

Billy Binion, DOC #135590
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box A
New Castle, Indiana 47362